IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:22-cv-2537-STA-jay |
| | ) | |
| LANE COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Before the Court is Defendant Lane College's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 9) filed February 3, 2023. Plaintiff Sheila Ray has responded in opposition, and Defendant has filed a reply brief. This matter was reassigned to the undersigned for all further proceedings on April 27, 2023. For the reasons set forth below, Defendant's Motion is **DENIED**.

**BACKGROUND**

On August 17, 2022, Plaintiff filed a Complaint alleging claims for race and color discrimination, harassment, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act. Plaintiff did not, however, cause summons (ECF No. 7) to issue until January 6, 2023. Plaintiff later filed proof of service (ECF No. 8), showing that she had served Defendant on January 10, 2023. In its Motion to Dismiss, Defendant argues that the Court should dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to serve Defendant within the time allowed under

1

Rule 4(m). Defendant first argues that Plaintiff has not attached a copy of her administrative charge of discrimination or a right-to-sue letter to her Complaint. The Court therefore lacks subject-matter jurisdiction to hear Plaintiff's Title VII claims. Defendant also argues that Plaintiff failed to serve summons and the Complaint within the 90 days permitted under Rule 4(m). Defendant finally questions whether counsel for Plaintiff is admitted to practice before this Court.

Plaintiff has responded in opposition. The Supreme Court has held that a failure to exhaust administrative remedies is not jurisdictional. This Court should reject Defendant's argument that a failure to attach a copy of Plaintiff's administrative charge of discrimination or the EEOC's right-to-sue letter somehow deprives the Court of subject-matter jurisdiction. Plaintiff has attached copies of the charge of discrimination and the right-to-sue letter to her response brief and requested an opportunity to amend her pleadings if the Court finds that the Complaint is subject to dismissal. Plaintiff next argues that good cause exists to excuse her failure to serve Defendant. Plaintiff has provided an affidavit from counsel stating that counsel mailed a copy of the Complaint to Defendant along with a request for waiver of service shortly after Plaintiff filed suit in 2022. When Defendant did not return the waiver of service, counsel took steps to have Defendant formally served with the summons and a copy of the Complaint. Counsel for Plaintiff has also furnished proof showing that she is admitted to practice before the Court.

In its reply Defendant argues that the Complaint fails to plead that Plaintiff filed a charge of discrimination, that she received a right-to-sue letter, or that her Complaint includes only claims she properly exhausted. Defendant contends that these pleading omissions require the dismissal of the Complaint. Defendant also counters that Plaintiff's mailing of the Complaint in September 2022 is not a substitute for proper service of process. And Plaintiff has not shown good cause for her failure to effect proper service until January 2023. Defendant argues then that the Court should

not exercise its discretion to extend the time for service. Defendant concedes its argument regarding counsel's admission to practice in the Western District of Tennessee.

## SUBJECT-MATTER JURISDICTION

Defendant's Motion to Dismiss first seeks relief under Rule 12(b)(1) for lack of subject-matter jurisdiction. Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for the dismissal of an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Separate and apart from Rule 12(b)(1), "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010)). The United States Supreme Court has held that "Title VII's charge-filing instruction is not jurisdictional, a term generally reserved to describe the classes of cases a court may entertain (subject-matter jurisdiction) or the persons over whom a court may exercise adjudicatory authority (personal jurisdiction). *Fort Bend Cnty., Texas v. Davis*, 139 S.Ct. 1843, 1846 (2019) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)). Defendant's challenge to the Court's subject-matter jurisdiction is without merit.

Rather than stick with its Rule 12(b)(1) challenge to subject-matter jurisdiction, Defendant argues in its reply that the Complaint fails to plead specific facts about the exhaustion of Plaintiff's discrimination claims before the EEOC. This is no longer a jurisdictional argument but an argument that the Complaint fails to allege that she properly exhausted her claims and that she has filed suit in a timely fashion. The Court finds Defendant's point unconvincing. Failure to exhaust and untimeliness are affirmative defenses on which Defendant has the burden of proof. *Rembisz v. Lew*, 590 F. App'x 501, 503 (6th Cir. 2014) (citing *Surles v. Andison*, 678 F.3d 452, 458 (6th

Cir. 2012)). A dismissal for failure to exhaust an administrative remedy or for untimeliness falls under Rule 12(b)(6), which Defendant has not cited or argued as the basis for its Motion. Furthermore, dismissal at the pleadings stage would only be appropriate "if the face of the complaint shows that the plaintiff has not in fact exhausted her administrative remedies." *Bushong v. Delaware City Sch. Dist.*, 851 F. App'x 541, 545 (6th Cir. 2021) (citing *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). The only authority cited in support of Defendant's position, an unreported decision from the Eastern District of Louisiana, is inapposite here. Therefore, the Motion to Dismiss for Lack of Subject-Matter Jurisdiction is **DENIED.**

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve summons with a copy of a complaint on a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(c)(1); *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint."). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal is mandatory unless the plaintiff shows good cause for the failure to serve; if she does, then the Court must extend the time for service. *Id.*

"Establishing good cause is the responsibility of the [plaintiff] and necessitates a demonstration of why service was not made within the time constraints." *Garner v. City of Memphis*, 576 F. App'x 460, 463 (6th Cir. 2014) (quoting *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). "Inadvertent failure or half-hearted efforts to serve" do not satisfy the good-cause standard. *Id.* (quoting *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th

4

Cir.1991)).  Even without a showing of good cause, "the court retains discretion as to whether or not to enlarge [Rule 4(m)'s 90-day] timeframe." *United States v. Oakland Phys. Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

## ANALYSIS

The Court holds that Plaintiff has not shown good cause for her failure to serve Defendant within the time allowed under Rule 4(m).  Plaintiff filed suit on August 17, 2022.  Plaintiff then had 90 days to serve Defendant with summons and a copy of the Complaint, making her deadline for service November 17, 2022.  Plaintiff's brief admits that she did not serve Defendant until January 10, 2023.  Plaintiff explains that counsel mailed Defendant a copy of the Complaint with a waiver of service form in September 2022.  A plaintiff may obtain a waiver of service by notifying the defendant of the commencement of the action and formally requesting that the defendant waive service of a summons.  Fed. R. Civ. P. 4(d)(1).  Rule 4(d) goes on the list a series of requirements the plaintiff must meet in order to give the defendant proper notice of the suit and make the formal request for waiver of service, among them sending the notice and request by first class mail "or other reliable means" to, in the case of a corporation like Defendant, the party's "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(d)(1)(A)(ii) & (G).

Plaintiff has not shown that her notice and request for waiver of service met these requirements.  Plaintiff submitted U.S. Postal Service tracking information that shows she postmarked the notice and request for waiver of service on September 8, 2022, and that Defendant received the mailing on September 13, 2022.  However, Plaintiff has not actually included a copy of the notice and request she sent to Defendant.  And the tracking information states the mailing

was received at Defendant's "Front Desk/Reception/Mail Room," and not addressed to an officer or agent designated to receive service of process.

For purposes of Defendant's Motion to Dismiss, the Court need not go further and decide whether Plaintiff actually complied with Rule 4(d)'s notice and request for waiver of service requirements. Putting aside any possible deficiencies in the notice and request Plaintiff addressed to Defendant in September 2022, Plaintiff has not shown why she took no further action to effect service of process until January 2023. Rule 4(d)(1)(F) requires a plaintiff requesting waiver of service to give the defendant a reasonable time and at least 30 days to return the waiver. Fed. R. Civ. P. 4(d)(1)(F). Plaintiff has not shown how much time her notice and request gave Defendant to return the waiver of service. Whatever it was, Plaintiff had an obligation to serve Defendant by November 17, 2022, or 90 days from the filing of her Complaint. Mailing Defendant a notice of the suit and a request for waiver of service did not alter that deadline.

To explain the delay in getting Defendant served, Plaintiff states that counsel was involved in other trials during the Autumn of 2022 and took steps to effect formal service after the holidays. Be that as it may, Plaintiff waited weeks after the 90-day window for service had expired in November 2022 just to have summons issued. This suggests that Plaintiff's failure to act sooner was simple inadvertence, which is insufficient to establish good cause. *Garner*, 576 F. App'x at 463 (6th Cir. 2014) (describing "inadvertent failure" as inconsistent with good cause). Therefore, the Court finds that Plaintiff has not shown good cause for her failure to serve Defendant within the 90 days allowed by Rule 4(m).

Plaintiff's lack of good cause for her failure to serve Defendant in a timely fashion is not fatal to her Complaint. The fact is Plaintiff served Defendant outside of the 90-day period for service under Rule 4(m). Even though Plaintiff has not shown good cause for the delay, "the court

retains discretion as to whether or not to enlarge [Rule 4(m)'s 90-day] timeframe." *Oakland Phys. Med. Ctr.*, 44 F.4th at 568.  The Sixth Circuit recently announced the following factors for district courts to consider "when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause":

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id*. at 569.

The Court finds that the balance of these factors weighs in favor of granting Plaintiff a discretionary extension of time so that her service on Defendant is timely.  With respect to the factors related to Defendant, Defendant has not explained how extending the time for service will cause it to suffer prejudice beyond the inherent prejudice of having to defend itself against Plaintiff's claims.  *Oakland Physicians Med. Ctr.*, 44 F.4th at 571 (giving as examples of actual prejudice "the loss of records or the death of a witness") (citation omitted).  Also, Defendant arguably had actual notice of the suit prior to being served in January 2023.  The record shows that Defendant was named in a charge of discrimination filed by Plaintiff with the EEOC.  The EEOC issued Plaintiff a right-to-sue letter and sent Defendant a copy of the letter when it issued in May 2022.  At the very least, Defendant had actual notice of Plaintiff's administrative charge and her right to seek judicial relief.  Plaintiff has further shown that Defendant received the notice and

7

request for waiver of service along with a copy of the Complaint in September 2022. Putting aside the question of whether the notice and request for waiver of service fully complied with Rule 4(d)'s requirements, Defendant received a copy of the Complaint within the 90-day period for service of process. These factors, focused as they are on how an extension of the time for service might impact Defendant, weigh in favor of extending the deadline.

The factors addressed to Plaintiff's conduct and the impact of a possible dismissal on her rights also favor the discretionary extension. The Court finds that Plaintiff made a good faith effort to serve Defendant within Rule 4(m)'s limitations period. Counsel for Plaintiff mailed the notice and request for waiver of service on September 8, 2022, three weeks after filing suit. As the Court has already noted, Plaintiff has not made the notice and request part of the record and therefore has not shown how she satisfied Rule 4(d)'s requirements for requesting waiver of service. Whatever deficiencies the notice and request for waiver may have contained, Plaintiff has since affected proper service of process. Taken together, this constitutes a good faith effort to effect proper service on Defendant. This factor weighs in favor of extending the time for service.

If the Court does not extend the time for service, Plaintiff will face substantial prejudice. Dismissal of Plaintiff's Title VII claims, even without prejudice, will as a practical matter bar her from refiling the claims. Title VII compels a plaintiff to bring suit within 90 days of receiving a right-to-sue letter from the EEOC. *Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 603 (6th Cir. 2022) (citing 42 U.S.C. § 2000e-5(f)(1)). The Sixth Circuit has held that the dismissal of a prior, timely complaint without prejudice does not toll the 90-day filing period and that district courts lack the power to extend the time for filing. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) ("We are persuaded that the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII."). So if the Court granted

8

Defendant's Motion and dismissed Plaintiff's Title VII claims without prejudice, Plaintiff's claims would be time-barred. "The running of the statute of limitations does not require a court to grant a discretionary extension . . . ." *Oakland Phys. Med. Ctr.*, 44 F.4th at 570 (collecting cases). Nevertheless, a dismissal without prejudice in this case and after Plaintiff had actually served Defendant would cause Plaintiff substantial prejudice. *Id.* at 569 (directing a court to consider whether its "refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred"). This factor weighs in favor of extending the time for service.

Two factors weigh against a discretionary extension: the extension would be "well beyond" the deadline for timely service and Plaintiff has not shown why the Court should extend her any latitude on the service issue. The possible extension of the deadline for service in this case, 54 days, is not insignificant. Plaintiff's original deadline for service under Rule 4(m) was November 17, 2022. Plaintiff served Defendant on January 10, 2023. Plaintiff did not just miss the deadline for service by a few days but by a matter of weeks. And Plaintiff is not acting *pro se* and has been at all times represented by counsel, meaning she is not entitled to the kind of latitude the Court might grant an unrepresented party. These factors weigh against a discretionary extension of the deadline for service.

On the whole, the Court finds that a discretionary extension of the deadline for service is warranted here.

## CONCLUSION

The Court has subject-matter jurisdiction in this case. While Plaintiff has not shown good cause for her failure to serve Defendant in a timely way, the Court will exercise its discretion and grant Plaintiff a discretionary extension of time. The Court will extend the time for service to

January 10, 2023, thereby making Plaintiff's service on Defendant that date valid.  Defendant's Motion to Dismiss is **DENIED**.

  **IT IS SO ORDERED.**

               **s/ S. Thomas Anderson**
               S. THOMAS ANDERSON
               UNITED STATES DISTRICT JUDGE

               Date: May 26, 2023.